*488 MEMORANDUM **
Knutson Towboat Company and SAIF Corporation (“Knutson”) petition for review of an order of the Benefits Review Board (“BRB”). Knutson argues that substantial evidence does not support a finding by the administrative law jqdge (“ALJ”) that tools used to repair maritime equipment were stored inside the Milling-ton Building. Knutson also argues that claimant Alfred Wakeley lacked status under the Longshore and Harbor Workers’ Compensation Act (“the Act”). See 33 U.S.C. § 902(3).
We have jurisdiction under 33 U.S.C. § 921(c). “We review a decision of the BRB 'for errors of law and adherence to the substantial evidence standard, and may affirm on any basis contained in the record.’ ” Keller Found/Case Found, v. Tracy, 696 F.3d 835, 841 (9th Cir. 2012). We deny the petition for review.
I.
“The substantial evidence test for upholding factual findings is 'extremely deferential to the factfinder.’ ” Rhine v. Stevedoring Servs. of Am., 596 F.3d 1161, 1165 (9th Cir. 2010). “It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Id. “Moreover, ‘our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ’s findings.’ ” Id.
Here, substantial evidence supports the ALJ’s finding that tools used to repair the log broncs and LeTourneau were stored inside the Millington Building. Wakeley testified before the ALJ that the tools were stored there. We will not disturb this finding because “a reasonable mind might accept” Wakeley’s testimony as “adequate to support” it.
In light of this evidence, the BRB did not err when it affirmed the ALJ’s finding that Wakeley’s injury occurred on a covered situs.
II.
“To qualify for benefits, an individual must be an ‘employee’ as that term is defined in the Act.” Healy Tibbitts Builders, Inc. v. Dir., OWCP, 444 F.3d 1095, 1097 (9th Cir. 2006). “The Act, as remedial legislation, ‘should be liberally construed.’ ” Id. at 1098. Its coverage extends to employees engaged in construction work on maritime facilities, “even if the worker’s specific job duties are not maritime in nature.” Id. Wakeley’s job duties included construction work on the Millington Building, such as remodeling a tool or parts room. The BRB did not err when it concluded that Wakeley is a covered employee based on this construction work.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.